UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X    C/M
                                                        :
ERIC H. RICHMOND,                                       :
                            Appellant,                  :    **ORDER REFERRING MATTER TO**
                                                        :    **THE UNITED STATES ATTORNEY**
              - against -                               :
                                                        :    16 Misc. 2014 (BMC)
P.B. #7, LLC,                                           :
                                                        :
                            Petitioner.                 :
                                                        :
------------------------------------------------------- X

**COGAN,** District Judge.

On August 5, 2016, this Court entered an order enjoining Eric H. Richmond from filing

future actions in this Court without first obtaining leave to file.  This filing injunction was the

result of Richmond's stream of vexatious and frivolous filings described below.

Notwithstanding this injunction, Richmond has now begun to file retaliatory liens against federal

judges, the undersigned included, in violation of 18 U.S.C. § 1521, which imposes criminal

liability for making retaliatory filings against federal judges. Accordingly, the Court refers this

matter to the United States Attorney for the Eastern District of New York.

## BACKGROUND

Richmond is a frequent filer in this Court.  He has filed multiple appeals from various

orders of the Bankruptcy Court, all of which stem from two related reorganizational proceedings.

The first involves a debtor in an action commenced under Chapter 11, 231 Fourth Avenue

Lyceum, LLC ("Debtor"), and the second involves Richmond, who was Debtor's individual

owner and the guarantor of Debtor's mortgage debt, commenced under Chapter 13.

In both cases, the Bankruptcy Judge lifted the automatic stay, after which Debtor's

creditors proceeded with a foreclosure action, resulting in the sale of the real property

constituting Debtor's principal asset.  Subsequently, both Debtor and Richmond failed to file timely objections to the Court's dismissal of their Chapter 11 case, resulting in their inability to stay the foreclosure sale.  Thus, the resulting sale of the Debtor's property rendered appeals from the Bankruptcy Court moot.

Despite this mootness, Richmond has nonetheless engaged in a prolonged series of frivolous appeals and corresponding motions, spanning from October 10, 2014, through the present, relating to the Bankruptcy Court's lifting of the automatic stay and other related orders.  I dismissed the first appeal in February 24, 2015, by Memorandum Decision and Order, and I have denied the others summarily, as those appeals continued to assert the same unmeritorious grounds.  I have also continually denied Richmond's motions for reconsideration and to vacate or void the judgment.

Between October 2014 and this Court's entry of a filing injunction, Richmond had filed over 40 frivolous submissions challenging the rulings of this Court or that of the Bankruptcy Court, resulting in the creation of 22 individual cases and corresponding dockets.  This number does not include the multitude of similar such motions Richmond had filed in the Bankruptcy Court.  At least in this Court, Richmond has repeatedly filed frivolous appeals and motions as an "interested party," without regard to the roughly 30 Orders by this Court ruling on the unmeritorious basis of his claims.  See, e.g., Docket Nos: 14cv5957-BMC (appeal, motion for reconsideration, motion to vacate, motion for reconsideration of denial of motion to vacate); 14cv7112-BMC (appeal, reconsideration, vacate, reconsideration); 15cv447-WFK (appeal, reconsideration, reconsideration); 15cv4628-BMC (appeal, reconsideration); 15cv4824-BMC (appeal); 15cv4825-BMC (appeal, withdrawal of appeal); 15cv4826-BMC (appeal, reconsideration); 15cv4980-AMD (appeal, reconsideration); 15cv5201-AMD (appeal,

reconsideration); 15cv6621-BMC (appeal); 15cv7177 (appeal); 16cv422-BMC (appeal, reconsideration); 16cv424-BMC (appeal, reconsideration); 16cv564-BMC (appeal, reconsideration); 16cv565-BMC (appeal, reconsideration); 16cv1121-BMC (appeal); 16cv2979-BMC (writ of mandamus); 16cv3149-BMC (writ of mandamus).  These submissions essentially follow the same pattern of an appeal, a motion to reconsider the dismissal of the appeal, and then a motion to vacate denial of the motion for reconsideration.

The Second Circuit dismissed all of Richmond's appeals and petitions for mandamus relief, stating, in one order that

> In addition to these six frivolous appeals, Appellant has filed other frivolous matters in this court, including 15-3389, 16-2178, 16-2179, 16-2856, 16-2859, and 16-2861.  Accordingly, Appellant is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a "leave-to-file" sanction, which may require Appellant to obtain permission from this Court prior to filing any further submissions in this Court.  See In re Martin-Trigona, 9 F.3d 226, 229 (2d Cir. 1993); Sassower v. Sansverie, 885F.2d 9, 11 (2d Cir. 1989).

Richmond v. Craig, No. 16-2763 (2d Cir. Mandate issued Dec. 08, 2016).

I also issued sanctions warnings in response to Richmond's continued litigation campaign, and given his continued filings, I eventually issued an order to show cause why a filing injunction should not be entered.  Ultimately, I found that Richmond was making his continued filings for the "improper purpose" of harassing Court staff and responding parties – be they debtors, trustees, or judges – in pursuit of a clearly unachievable goal.  See Mantis Transp. v. Kenner, 45 F. Supp. 3d 229, 254 (E.D.N.Y. 2014) (citing Fed. R. Civ. P. 12(b)(1)).

By its terms, the injunction was implemented in the following way.  First, I directed the Clerk to open a miscellaneous matter, and to docket any subsequent filings[1] by Richmond in that miscellaneous matter only.  Second, this Court would review any filings docketed in the

---

[1] This injunction excluded (a) filings in the bankruptcy court with respect to Richmond's Chapter 13 case and (b) any notice of appeal from this Order or other Orders of this Court.

miscellaneous matter, determine whether any are non-frivolous and, if so, would direct the Clerk to open that filing under a new civil matter number.  If the Court determined that any filing was frivolous, no action would be taken on the filing.

Although I entered a filing injunction on July 19, 2016, Richmond continues to abuse the judicial process and has now turned to the filing of false and retaliatory liens.

## CURRENT CONDUCT

On February 7, 2017, the Clerk docketed a filing of Richmond's in the miscellaneous docket; the document was entitled a "Common Law Notice Claim of Lien Obligation & Affidavit of Truth and Fact," naming the undersigned as the lienee and seeking $25 million from the undersigned.  On February 17, 2017, the Clerk docketed a second and third "Common Law Notice Claim of Lien Obligation & Affidavit of Truth and Fact," naming two other district court judges who had entered Orders in one or more of his appeals:  the Honorable Ann M. Donnelly and the Honorable William F. Kuntz, each as a lienee in the amount of $25 million.

Section 1521 of Title 18 of the U.S. Code is entitled, "Retaliating against a Federal judge or Federal law enforcement officer by false claim or slander of title." It provides:

> Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years, or both.

18 U.S.C. § 1521.

This provision became law on January 7, 2008, as part of the Court Security Improvement Act of 2007, in response to actions taken against federal judges like those that Richmond has taken here.  Since then, the Government has prosecuted dozens of cases across the country against individuals filing false liens against federal judges and other federal officials, and

the courts have imposed substantial prison terms for violations of the statute.  See, e.g., United States v. Neal, 776 F.3d 645 (9th Cir. 2015) (affirming conviction and 87-month sentence for filing false liens against federal officials); United States v. Small, 618 F. App'x 870 (7th Cir. 2015) (dismissing defendant's appeal of his 20-month sentence for filing false liens against federal officials); United States v. Reed, 668 F.3d 978 (8th Cir. 2012) (affirming conviction and 108-month sentence for filing false liens against federal judge and U.S. Attorney); United States v. Hennis, No. 3:12CR91-HSO-RHW, 2015 WL 251261 (S.D. Miss. Jan. 20, 2015) (denying habeas relief to vacate 41-month sentence for filing false lien against a federal judge); United States v. Molen, 12-cr-00252-TLN-1 (E.D. Cal. 2015) (imposing 36-month term of imprisonment for filing false liens against federal officials); United States v. Due, No. 8:12-CR-00344, 2014 WL 6815791 (D. Neb. Dec. 2, 2014) (imposing above-Guidelines 120-month sentence for multiple false liens against federal officials including the presiding judge); United States v. Phillips, No. 1:12-CR-872 (N.D. Ill. 2014) (imposing 84-month sentence for filing false liens against federal judges, prosecutors, and law enforcement agents); United States v. Johnson, No. 09-20049-DRH (C.D. Ill. 2010) (imposing 41-month sentence for filing false lien against federal official).

Given Richmond's filings of the false liens against the undersigned, Judge Donnelly, and Judge Kuntz, the Court refers this matter to the United States Attorney for the Eastern District of New York, for such action, if any, as he deems appropriate.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      February 22, 2017