**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
Eric H. Richmond, Appellant/Petitioner,

                 - against -           15-cv-0447-WFK; 16-MC-2014 BMC;

P.B. #7, LLC, Carla E. Craig

               Appellees, Respondents
-------------------------------------------------------------- X

# MOTION TO RECONSIDER DENIAL OF MOTION TO LIFT STAY, OBJECTION FOR VAGUENESS, MOTION FOR CLARIFICATION, MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW, MOTION FOR ACTUAL WRITTEN ORDER

## FACTS

1. Judge Brian Mark Cogan sought sanctions *sua sponte*. (ECF #1)

2. Judge Brian Mark Cogan has issued an order in a case to which he is not the assigned Judge (ECF #3).

3. Brian Mark Cogan has failed to issue an appealable order in denying motions to reconsider and motion to lift stay (ECF #3,4).

4. Judge Brian Mark Cogan failed to, as required by Second Circuit precedent, specify under what authority he sought sanctions.

> "[a]t a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Schlaifer, 194 F.3d at 334*

> "..we find that Eastcott and his counsel did not receive notice of the standard and authority under which sanctions were being considered before the district court imposed sanctions. Because the Second Circuit requires greater notice before it will find that a sanctioned party received all process due to him or her prior to the imposition of sanctions, we vacate the district court's order imposing sanctions and remand for further proceedings. *Eastcott v. Hasselblad USA Inc. et al*

5.  Judge Brian Mark Cogan failed to, as required by Second Circuit precedent, hold a hearing before imposing sanctions sought *sua sponte*.

> "However, this court has previously held that a district court may not enjoin, sua sponte, further filings of frivolous or vexatious claims without providing express notice and a hearing. *Board of Managers of 2900 Ocean Ave. Condominium v. Bronkovic, 83 F.3d 44, 45 (2d Cir.1996)*"

6.  Judge Brian Mark Cogan did not follow the Supreme Court mandates in *Neitzke v. Williams, 490 U.S. 319, 325 (1989)* and *Denton v. Hernandez (90-1846), 504 U.S. 25 (1992)* that require detailed statements of what is frivolous/without merit by any judge making any finding of frivolous/without merit.

### VIOLATIONS OF DUE PROCESS / FEDERAL RULES / OATHS OF OFFICE

7.  Appellant /Petitioner alleges a due process violation by Judge Brian Mark Cogan's failure to file an appealable order with regards to ECF# 3,4.

8.  Appellant petitioner alleges that Judge Brian Mark Cogan violated federal law, his oaths of office and violated Judiciary Law 487 in making a material misrepresentation to the court that he was the Judge in 15-cv-0447-WFK.

9.  Appellant/Petitioner alleges a due process violation and violation of Judge Brian Mark Cogan's New York State Oath of Attorney ( New York Judiciary Law § 466. Attorney's oath of office ) and his oath of office  (28 U.S. Code § 453 - Oaths of justices and judges) in that Judge Brian Mark Cogan failed to hold a required hearing pursuant to Federal Rule of Evidence 201.

10. Appellant/Petitioner has alleged a due process violation in that Judge Brian Mark Cogan has failed to, as required by the Second Circuit and Judge Brian

Mark Cogan's testimony before Congress that he would follow Second Circuit rulings without fail, specify under what authority he, an Article III Judge, sought sanctions.

11. Appellant/Petitioner alleges a due process violation in that Judge Brian Mark Cogan has failed to, as required by the Second Circuit and Judge Brian Mark Cogan's testimony before Congress that he would follow Second Circuit rulings without fail, hold a hearing as a prerequisite to any sanctions sought *sua sponte* by an Article III Judge.

12. Appellant alleges that finding something is without merit is tantamount to finding something frivolous and is subject to the same Supreme Court rulings as frivolous findings as well as *Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962)*.

13. Appellant/Petitioner hereby alleges a due process violation in that Judge Brian Mark Cogan has failed to, as required by the Supreme Court in *Neitzke v. Williams 490 U.S. 319 (1989)* and *Denton v. Hernandez 504 U.S. 25 (1992)* and Judge Brian Mark Cogan's testimony before Congress that he would follow Supreme Court rulings without fail, specify exactly what was frivolous (or its analog something "without merit").

14. Appellant hereby alleges a violation of due process and oaths of office by Judge Brian Mark Cogan in the denial of motion to reconsider and motion to lift stay without a written decision.

### DENIAL OF MOTION TO LIFT STAY VOID FOR VAGUENESS

15. Denial of the Motion to Lift Stay (ECF #4) fails to state any findings of fact or conclusions of law regarding anything and is, as such, void for vagueness.

16. As such, no decision exists on ECF # 4.

### DENIAL OF RECONSIDERATION VOID FOR VAGUENESS

17. Denial of Motion to Reconsider (ECF #3) fails to state any findings of fact or conclusions of law regarding anything and is, as such, void for vagueness.

18. As such, no decision exists on ECF # 3.

### MOTION FOR CLARIFICATION  DENIAL MOTION TO LIFT STAY

19. Such that Debtor can properly determine the viability of an appeal, Debtor moves the court for clarification that actually acknowledges each and every argument raised and each and every case cited in Motion to Lift Stay (ECF #4).

### MOTION FOR CLARIFICATION  DENIAL MOTION TO RECONSIDER

20. Such that Debtor can properly determine the viability of an appeal, Debtor moves the court for clarification that actually acknowledges each and every argument raised and each and every case cited in Motion to Lift Stay (ECF #3).

**WHEREFORE:**

As Debtor has informed the court of a multitude of due process violations and crimes by the court, moved the court for clarification, findings of fact and conclusions of law and has also moved the court for an appealable order, Debtor requests that the court clarify its decisions with findings of fact and conclusions of law in an actual appealable order.

Sworn to this date: Brooklyn, NY - April 10, 2017            By: _____
                                                             Eric Richmond
                                                             Appellant/Petitioner, pro se

CC: Glenn Warmuth, Michael Macco