UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

Hearing Date: May 24, 2017  
Time: 9:30 a.m.

------------------------------------------------------- X

Eric H. Richmond,   Appellant,

    - against -   17-cv-1432-BMC

P.B. #7, LLC   Appellee

------------------------------------------------------- X

## NOTICE OF MOTION TO RECONSIDER DISMISSAL OF APPEAL

PLEASE TAKE NOTICE upon that upon this notice of motion and the accompanying affirmation of Eric Richmond dated April 12, 2017, the Movant, Eric Richmond, will move this Court before the Hon. Brian Mark Cogan, United States District Court Judge, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 Courtroom 8 D S, on May 24, 2017 9:30 a.m. or as soon thereafter as a counsel can be heard on:

1) Motion to reconsider dismissal of appeal.
2) Any such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the District Court and served upon the undersigned Movant ten (10) days prior to the return date of the within motion.

Dated: Brooklyn, NY April 12, 2017   By: _____

ERIC RICHMOND - Movant/Appellant/Petitioner  
2107 Regent Place Brooklyn, NY  11226  
brooklynlyceum@gmail.com



RECEIVED APR 12 2017 PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
Eric H. Richmond,          Appellant,

          - against -                              17-cv-1432-BMC

P.B. #7, LLC                    Appellee
------------------------------------------------------------ X

## MOTION TO RECONSIDER DISMISSAL OF APPEAL
## STANDARD OF REVIEW IN 2ND CIRCUIT

    The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)*

    "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" - *Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)*

## BACKGROUND

1.    Judge Brian Cogan / Atty Jason Vinokur (stroock.com/people/JVinokur) of Stroock (stroock.com/about) dismissed appeal 17-cv-1432 (ECF #2) on 03/15/2017.

2.    The appeal was dismissed under the power of an injunction affecting actions FILED in the Eastern District of New York District Court despite the action having been FILED in the EDNY Bankruptcy Court.

3.    Attorney Jason Vinokur is not a Judge.

4.    An attorney who is not a Judge has no expectation of immunity in civil, criminal or common law proceedings.

PAGE # 1

## THE INJUNCTION IS INVALID FOR A HOST OF DUE PROCESS REASONS

5.     The injunction was issued by Judge Brian Mark Cogan, who had already lost jurisdiction with regard to Appellant for failing to contest a criminal allegation of altering a docket in the District Court (See 2nd Circuit Case #  16-2856 - # 1).

6.     Judge Brian Mark Cogan had violated the Second Circuit  ruling requiring that a Judge seeking to sanction a litigant to state under what authority the Judge sought the sanctions.

> "[a]t a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Schlaifer, 194 F.3d at 334*

> "..we find that Eastcott and his counsel did not receive notice of the standard and authority under which sanctions were being considered before the district court imposed sanctions. Because the Second Circuit requires greater notice before it will find that a sanctioned party received all process due to him or her prior to the imposition of sanctions, we vacate the district court's order imposing sanctions and remand for further proceedings. *Eastcott v. Hasselblad USA Inc. et al*

7.     Judge Brian Mark Cogan had violated a second  Second Circuit ruling requiring that a Judge seeking to sanction a litigant hold an actual hearing.

> "However, this court has previously held that a district court may not enjoin, sua sponte, further filings of frivolous or vexatious claims without providing express notice and a hearing. *Board of Managers of 2900 Ocean Ave. Condominium v. Bronkovic, 83 F.3d 44, 45 (2d Cir.1996)*"

8.     The failure to follow the Circuit Court rulings on sanctioning people stripped the court of the right to enter any order regarding Appellant, let alone the injunction.

9.     Be that as it may, the "injunction" does not cover things filed in Bankruptcy Court as a required fee of $5 was paid to the Bankruptcy Court absent which they would

not transfer the case to the District Court.  Clearly, the case was filed with the Bankruptcy Court by their very own requirements.

10. Quite frankly, a District Court Judge has no right to make orders in EDNY Chief Bankruptcy Judge Carla Craig's Court.  If Carla Craig wants to issue a filing injunction with regards to Appellant, Carla Craig is welcome to go through the proper process and hold the hearing that Judge Brian Mark Cogan ignored.

## JASON VINOKUR

11. The meta-data says the order was created by Jason Vinokur.  Thus, Jason Vinokur is PERSONALLY liable to appellant for his actions.

12. As Judge Brian Mark Cogan understands by now and should now counsel Jason Vinokur, repeatedly violating a litigant's due process rights by cheating, lying, violating Federal Laws / Rules and actual criminal conduct comes with a $25,000,000 price tag (16-cv-2014  #5) per uncorrected incident.

13. As the order dismissing the appeal trespasses on a case in which neither Judge Brian Mark Cogan nor Jason Vinokur had any rights to act, Appellant has been harmed by both Judge Brian Mark Cogan and Jason Vinokur.

**WHEREFORE**: As the injunction against filings in the District Court cited as the basis to dismiss the appeal cannot possibly affect papers filed with the Bankruptcy Court and is a clear error and manifest injustice; and as the injunction itself is a complete violation of due process and multiple Second Circuit precedents and is a clear error and manifest injustice; and as Judge Brian Mark Cogan lost jurisdiction by virtue of failing to contest criminal allegations and Jason Vinokur never has jurisdiction; and as Appellant has clearly met the standards of reargument revue in the Second Circuit,  Appellant requests that the court reconsider the dismissal of the appeal.

Sworn to this date: Brooklyn, NY - April 12, 2017     By: _____

CC: Glenn Warmuth, Michael Macco, William Curtin

Eric Richmond
Appellant/Petitioner, pro se

PAGE # 3

UNITED STATES DISTRICT COURT            C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
ERIC H. RICHMOND,

           Appellant,

    - against -

                                             17 Civ. 1431 (BMC)

P.B. #7, LLC,

           Appellee.

-------------------------------------------------------- X
ERIC H. RICHMOND,

           Appellant,

    - against -                        17 Civ. 1432 (BMC)

P.B. #7, LLC,

           Appellee.

-------------------------------------------------------- X

## ORDER

**COGAN**, District Judge.

      Appellant Eric H. Richmond is a serial litigant who is subject to an anti-filing injunction in this District. This Court entered the injunction on July 19, 2016, enjoining Richmond from filing future actions in this Court without first obtaining leave to do so. The injunction carved out two types of filings over which the injunction would not apply: (a) filings in the bankruptcy court with respect to Richmond's Chapter 13 proceeding and (b) any notice of appeal from this Order or other Orders of this Court. The above-referenced matters are not filings in the bankruptcy court related to his individual Chapter 13 bankruptcy proceeding, nor are they appeals of Orders of this Court. Rather, they are appeals of Orders from the bankruptcy court arising from the Chapter 11 proceeding related to debtor 231 Fourth Avenue Lyceum, LLC. Therefore, these matters are covered by the anti-filing injunction.

The Clerk of Court is directed to close the above-referenced matters and docket the filings in 16 Misc. 2014, which is the miscellaneous docket this Court created for Richmond. The Court will then review the filings and determine whether to direct the Court to open a new matter, as the terms of the injunction provide.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                     **Digitally signed by Brian M. Cogan**
                                                        U.S.D.J.

Dated: Brooklyn, New York
       March 15, 2017

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
Eric H. Richmond,          Appellant,

            - against -                    17-cv-1432-BMC

P.B. #7, LLC              Appellee
-------------------------------------------------------- X

## AFFIRMATION IN SUPPORT OF MOTION

Eric Richmond, MOVANT, sets forth in support of motion as follows.

I am the above captioned MOVANT and am fully familiar with the facts and circumstances of this matter;

The statements contained in this reply affirmation are true under penalty of perjury.

    MOVANT contends that the court made clear errors creating manifest injustices and violated due process and Second Circuit precedents.

    As such MOVANT requests that the court grant the motion to reconsider the dismissal of the appeal.

Sworn to this date: Brooklyn, NY - April 12, 2017          Sincerely, *[signature]*

                                                                                           Eric Richmond, sui juris
                                                                                           Appellant/Petitioner,

## CERTIFICATE OF SERVICE

Eric Hawkes Richmond does hereby affirm under the penalties of perjury: I am over the age of 21 years. I reside at 2107 Regent Place, Brooklyn, NY 11226. On April 12, 2017, I served the notice of motion, motion, affirmation of Eric Richmond by mailing a true copy to:

| United States Trustee<br>201 Varick Street,<br># 1006<br>New York, NY 10014<br>Attn: William Curtin | Glenn P. Warmuth, Esq.<br>Stim & Warmuth, P.C.<br>2 Eighth Street<br>Farmingdale, NY 11738 | Michael Macco - Trustee<br>2950 Expy Dr S #109<br>Islandia, NY 11749 |
|---|---|---|

by depositing it enclosed in a postpaid properly addressed wrapper by first class mail in the post office or official depository at Lansing, Michigan under the exclusive care and custody of the United States Postal Service.

Dated: Brooklyn, NY April 12, 2017      By:_____
Eric Richmond
2107 Regent Place
Brooklyn, NY 11226